## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **JERRY LAVERDIERE,** | ) | FILED: JULY 3, 2008 |
| | ) | 08CV3814 |
| **Plaintiff,** | ) | JUDGE GUZMAN |
| | ) | MAGISTRATE JUDGE NOLAN |
| **v.** | ) No. | AEE |
| | ) | **Plaintiff Demands a** |
| **MOTOROLA, INC.** | ) | **Trial by Jury** |
| **a Delaware Corporation,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

NOW COMES the Plaintiff, Jerry Laverdiere, by and through his attorneys, Favaro & Gorman, Ltd., and hereby complains of the Defendant, Motorola, Inc.. as follows:

### JURISDICTION AND VENUE

1.     The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §2615 and 28 U.S.C. §1331 and pendant jurisdiction under  28 U.S.C. §1367(a).

2.     The unlawful employment practices described herein were committed within the state of Illinois.  The Defendant conducted business and employed the Plaintiff in Libertyville, Lake County, Illinois.   Accordingly, venue in this Court is proper pursuant to 28 U.S.C. §1391(b).

### PARTIES

3.     Plaintiff, Jerry Laverdiere (hereinafter, "Laverdiere") is an individual residing in Cary, McHenry County, Illinois.  Laverdiere's most recent position with Motorola was Consultant, Black Belt at Motorola's Libertyville, Lake County, Illinois

location. Plaintiff was an "employee" of Defendant within the meaning of 29 U.S.C. §2611(2)(A) at all times relevant hereto.

4.    Defendant, Motorola, Inc., is a Delaware Corporation in good standing. The acts and occurrences alleged herein took place at Motorola located in Libertyville, Lake County, Illinois. Motorola was the "employer" of Laverdiere within the meaning of 29 U.S.C.A. §2611(4)(a) at all times relevant to this action.

## FACTS

5.    Plaintiff has been diagnosed with Tardive Dystonia (disabling form of Oromandibular Dystonia, jaw opening type).

6.    That in or around early November, 2006 and again in February 3, 2007, plaintiff advised defendant of his diagnosis.

7.    That on May 21, 2007, plaintiff was assigned to a new supervisor, Rex Ellington.

8.    That between July 3, 2007 and October 3, 2007, Plaintiff took eighteen (18) days off from work affiliated with his health condition.   Said days were designated taken pursuant to the Family and Medical Leave Act.

9.    At the end of May, a positive employee performance assessment checkpoint was given to Plaintiff by a previous manager.  Thereafter, between September 4 and 21, 2007, plaintiff's supervisor attempted to damage plaintiff's performance rating by taking steps which included, but were not limited to:

- Initiating plaintiff to wipe out prior reviews;

- Modifying plaintiff's performance goals;

- Attempting to change ratings to "not rated".

Subsequently, in or around late September, plaintiff was given a negative performance review. Said review period specifically targeted the preceding seven (7) week period.

10. That at all times prior thereto, plaintiff had met the reasonable job expectations of defendant and was considered a valued performer.

11. Plaintiff had never previously received a negative performance review.

12. In or around October, 2007, Plaintiff was riding on defendant's parking lot shuttle.

13. Plaintiff was attempting to exit the shuttle when the driver applied the gas which caused plaintiff to fall.

14. The shuttle driver then slammed the brakes of the bus resulting in plaintiff hitting his head on the windshield and his back on the metal bar railing.

15. Following the incident, plaintiff reported to defendant's nurse and security/parking lot shuttle bus manager.

16. The nurse told him he should see his doctor.

17. On or about October 13th, Plaintiff saw his physician who immediately sent him to the hospital for further testing.

18. On that day, plaintiff was told he would require physical therapy and medication for pain relief and to wear a neck brace for neck/back injuries.

19. On or about October 8, 2007, plaintiff filed an incident report/workers' compensation claim.

20.    On or about October 9 - 13, 2007, plaintiff complained to defendant's Human Resource Department that he believed he was being subjected to discrimination and retaliation.

21.    Approximately two (2) weeks later on or about October 30, 2007, plaintiff was told that defendant did not believe that he was being retaliated or discriminated against.

22.    The following day, on or about October 31, 2007, plaintiff was terminated.

## COUNT I

## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

Plaintiff restates and re-alleges paragraphs 1 through 22 as though fully set forth herein.

23.    The foregoing actions taken against Plaintiff were in violation of 29 U.S.C.A. §2615(a).

WHEREFORE, Plaintiff, Jerry Laverdiere, respectfully requests that this Court:

(a)    Enter a judgment that Defendants' retaliation against and termination of Plaintiff following his request for time off from work due to his health conditions was done in violation of 29 U.S.C. §2615 Family and Medical Leave Act of 1993;

(b)    Enter a judgment pursuant to 29 U.S.C.§2617(a)(1)(A)(i)(I) against the Defendant and in favor of Plaintiff for wages, salary, employment benefits or other compensation denied or lost to the Plaintiff by reason of the Defendant's unlawful actions;

(c)    Enter a judgment pursuant to 29 U.S.C.§26(a)(1)(A)(ii) for interest on the above amount calculated at the prevailing rate;

(d)    Enter a judgment pursuant to 29 U.S.C.§2617 (a)(1)(A)(iii) for an additional amount as liquidated damages equal to the sum of the amount described above in paragraphs (b) and (c);

(e)    Enter a judgment pursuant to 29 U.S.C. §2617(a)(3) against the Defendant and in favor of Plaintiff for the reasonable attorneys' fees and costs and expert witness fees incurred by Plaintiff in connection with the instant action; and

(f)    Award Plaintiff such further and additional relief as the court may deem just and proper including equitable relief.

## COUNT II

### COMMON LAW RETALIATION

Plaintiff restates and realleges as though fully set fort herein paragraphs 1 through 22 above.

24.    That upon information and belief, on October 31, 2007, plaintiff was notified of termination from his employment in retaliation for filing his workers' compensation claim.

25.    That defendant's action in terminating plaintiff from employment goes beyond the bounds of decency and was coercive and retaliatory.

26.    Defendant's actions were intentional and willful.

27.    Defendant knew that its actions would cause plaintiff injuries.

28.    As a direct and proximate result of such conduct, paintiff suffered and continues to suffer severe emotional distress and injuries including but not limited to pain, suffering, anguish, embarrassment and humiliation.

29.    Plaintiff has suffered and will continue to suffer damages in an amount to be determined by a jury at trial.

30.    Plaintiff was discharged in contravention of a clearly-mandated public policy of the State of Illinois.

31.    Plaintiff has suffered and will continue to suffer irreparable injury as a result of defendant's illegal activities.

WHEREFORE, Plaintiff, Jerry Laverdiere, respectfully requests that this Honorable Court enter an Order for the following relief.

a.    Front pay and reimbursement of all lost employee benefits;

b.    Making Plaintiff whole by paying his lost back pay and employee benefits;

c.    Award Plaintiff damages in excess of Fifty Thousand and No/100 ($50,000.00) Dollars.

d.    Compensatory damages including but not limited to pain and suffering, emotional distress loss of value of life, humiliation and anguish; and

e.    Award Plaintiff costs of suit, reasonable attorney's fees, expert witness fees, if any, and for such other and further relief that this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues properly submissible to a jury.

s/ Patricia L. Jochum_____

Patricia L. Jochum
Attorney for Plaintiff
Favaro & Gorman, Ltd.
835 Sterling Avenue, Suite 100
Palatine, Illinois 60067
Telephone No. (847) 934-0060
Facsimile No.  (847) 934-6899
pjochum@favarogorman.com